IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE MIKE R. SERNA IRREVOCABLE
LIVING TRUST,

      Plaintiff,

v.                                                No. 1:22-cv-00964-MIS-GBW

DAVID WEBSTER and
MARGETTE WEBSTER,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      Plaintiff "The Mike R. Serna Irrevocable Living Trust" ("Trust") filed a [Complaint for] Wrongful Foreclosure and Request for Injunction, Doc. 1, filed December 19, 2022 ("Complaint"). The Complaint is signed by "The Mike R. Serna Irrevocable Living Trust." Complaint at 1, 10.

      The District of New Mexico's Local Rules of Civil Procedure require that "A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. An attorney authorized to practice before this Court has not signed the Complaint and has not otherwise entered an appearance on behalf of the Trust in this matter.

      Chief United States Magistrate Judge Gregory B. Wormuth ordered the Trust to either have an attorney authorized to practice before this Court enter an appearance on behalf of the Trust or show cause why the Court should not dismiss this case for failure to comply with D.N.M.LR-Civ. 83.7. *See* Order Regarding Representation at 1-2, Doc. 4, filed December 22, 2022.

      Mike Serna subsequently filed a Response to Judge Wormuth's Order to Show Cause on behalf of the Trust. *See* Response to Show Cause, Doc. 5, filed January 5, 2023 ("Response").

The Response states that "[t]he true Plaintiff ... is the Settler of the Mike R. Serna Irrevocable Living Trust, who rightfully set up his Irrevocable Trust to protect his assets, and take care of his chosen beneficiaries" and "The 'Mike R. Serna Irrevocable Living Trust' was not meant to be the Plaintiff."  Response at 1, 3.  Mike Serna, the Settler of the Trust, "rightfully appointed a trustee [his wife Emma Serna] to protect his assets but she was also sued, and she is the wife, and a beneficiary of the assets."  Response at 2.

Mike Serna also filed a Motion for Entry of Appearance of Mike Serna as Plaintiff and Dismissal of the Mike R. Serna Irrevocable Living Trust.  Doc. 6, filed January 5, 2023 ("Motion").  The Motion asks the Court to "change the Plaintiff" from the Trust to Mike Serna.  Motion at 1.

The Court dismisses this case without prejudice.  An attorney authorized to practice in this Court has not entered an appearance on behalf of the Trust and the Trust has not shown cause why the Court should not dismiss this case for failure to comply with D.N.M.LR-Civ. 83.7.  Instead, the Trust states that it is not the proper party,[1] that Mike Serna is the proper Plaintiff and appears to suggest that the Court substitute Mike Serna for the Trust as plaintiff in this case.  *See* Response at 3 (stating: "The substitute Plaintiff, Mr. Serna, brings this cause of action ...").  The Court denies

---

[1] Even if the Trust was the proper party, the Trust could not proceed without counsel.  Because the Response indicates that Emma Serna is "a beneficiary" of the Trust, *see* Response at 2, Mike Serna, as the Settler of the Trust, cannot be viewed as a party conducting his "own case personally" because the outcome of this action could affect the interest of the other beneficiaries.  *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654 [which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively are permitted to manage and conduct causes therein."]. [B]ecause pro se means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him."); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that the trustee was not the beneficial owner of the trust's claims and, therefore, the trustee could not be viewed as a "party" conducting his "own case personally" within the meaning of section 1654).

the Trust's request to substitute Mike Serna as plaintiff because the Trust is not represented by counsel and has not shown that it should be allowed to proceed without representation by counsel.

The Court denies Mike Serna's Motion to allow Mike Serna to appear as plaintiff. Mike Serna is not entitled to intervene as a matter of right because the Court's dismissal of this case without prejudice will not impair Mike Serna's ability to protect his interest in the Trust's property. *See* Fed. R. Civ. P. 24(a) ("the court must permit anyone to intervene who ... claims an interest relating to the property ... that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"). The Court denies Mike Serna's Motion to dismiss the Trust because Mike Serna is not a party to this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Mike Serna's Motion for Entry of Appearance of Mike Serna as Plaintiff and Dismissal of the Mike R. Serna Irrevocable Living Trust, Doc. 6, filed January 5, 2023, is **DENIED.**

*Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE